IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| AGLAED GONZALEZ-RIVERA, *et al.*, <br><br> **Plaintiffs,** <br><br> v. <br><br> CENTRO MEDICO DEL TURABO, *et al.*, <br><br> **Defendants.** | **CRIMINAL NO.** 13-1098 (JAG) |

OPINION & ORDER

GARCIA-GREGORY, D.J.

The medical malpractice complaint related to this case was filed on February 5, 2013, (Docket No. 1); thus, the 120-day period to serve all six defendants expired on June 5, 2013. On August 6, 2013, Plaintiffs filed a motion for extension of time to serve Geovannie Marcano ("Marcano") stating that they were unable to locate him, as he had moved to Florida; the other 5 defendants had already served. (Docket No. 15). The Court denied the motion finding it "egregiously late," since the time to serve defendants had expired two months ago. (Docket No. 16). Plaintiffs now file an Urgent Motion for Reconsideration of the Court's ruling. (Docket No. 17).

In their motion for reconsideration, Plaintiffs allege that the reason Marcano was not served was because the summons were not issued by the Clerk of the Court until April 5, 2013, two

**Civ. No.** 13-1098 (JAG)                                                                 2

months after the complaint was filed. (Docket No. 17, p. 1). They even called the Clerk twice to inquire about the status of the summons. (Id.) Therefore, according to Plaintiffs, the "two months delay of the 120-day period . . . is exactly the two months that it took the Clerk's office to issue the summons . . . ." (Id. at 2). The Court is unsatisfied.

First, Rule 4(m) clearly states that the 120-day period to serve begins to run when the complaint is filed, not when summons are issued. Fed. R. Civ. P. 4(m). Second, the rule requires that Plaintiff **show good cause** for the Court to extend the time period. Id. Thus, in the present case, an automatic extension was not granted once summons were issued two months after the complaint was filed. Furthermore, the Court is unfazed by Plaintiffs' excuse, which points fingers at the Clerk following their own inaction. Plaintiffs should have filed the motion for extension of time within the required time period (by June 5, 2013), regardless of when summons were filed, or, in the alternative, risk dismissal of their claims. The Court finds that not only have Plaintiffs **not shown good cause**, they have demonstrated carelessness and negligence in the prosecution of this case. Normally, this would compel us to dismiss the claims against the defendant without prejudice.

However, after examining the complaint and recognizing the seriousness of the allegations contained therein, the Court will grant Plaintiff **one last extension**. Plaintiffs will have 30 days from the entry of this order to serve Marcano. Plaintiff's negligence, nonetheless, will not go unpunished. In keeping with the Court's previous determination in the face of a similar situation, Plaintiffs shall pay **$350.00** in sanctions, equivalent to the filing of a new case. See <u>Soto Acevedo v. Alfredo Padilla</u>, Civil No. 10-1931, Docket No. 34. **Payment of sanctions will be due in 2 weeks from the date of entry of this order.**

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of August, 2013.

<u>S/ Jay A. Garcia-Gregory</u><br>
JAY A. GARCIA-GREGORY<br>
United States District Judge